IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK ANTHONY JACKSON, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　)　　Case No. CIV-04-1653-T<br>　　　　　　　　　　　　　　　　　　)<br>LENORA JORDAN, )<br>　　　　　　　　　　　　　　　　　　)<br>　　　　　Respondent. ) | |

## ORDER

Petitioner, a state prisoner appearing *pro se*, brings this action seeking habeas corpus relief based on the allegation that he was improperly sentenced as an adult and that his plea of guilty was not voluntarily entered. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings. On June 20, 2006 the magistrate judge filed a Report and Recommendation [Doc. No. 18] in which she recommended that the petition be denied. Because petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

At the age of 17, petitioner was charged jointly with two co-defendants with the commission of multiple felonies, including: 1) robbery with firearms; 2) assault and battery with a deadly weapon with intent to kill; 3) maiming; 4) kidnaping for purpose of extortion; 5) unauthorized use of a vehicle; 6) robbery with firearms; 7) aggravated attempt to elude a police officer; and 8) second degree burglary. The State moved to sentence him as an adult if convicted. Okla. Stat. tit. 10 § 7306-2.8(A). Following a hearing, the court granted that motion, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed that ruling on appeal.

Petitioner subsequently entered a blind plea of guilty to the above charges and was sentenced as an adult, with sentences on three counts to run consecutively and the remaining counts to run concurrently.  Petitioner filed a timely motion to withdraw his guilty plea, and that motion was denied by the trial court.  The OCCA denied his subsequent petition for writ of certiorari and affirmed the denial of the motion to withdraw.  Thereafter, petitioner file a *pro se* application for post-conviction relief, alleging that he had been deprived of a direct appeal of the trial court's decision to sentence him as an adult. He also argued that the court failed to determine if he was competent to be certified as an adult.  His application was denied; the trial court found that he had, in fact, appealed the decision regarding his adult sentencing and that the court's decision had been affirmed by the OCCA.  Petitioner did not appeal the denial of his post-conviction relief application, and later filed this action.

In response to the petition, respondent agrees that petitioner has exhausted his state court remedies with respect to the claims asserted.  However, respondent contends that the challenge to the state court sentencing of petitioner as an adult is untimely and, therefore, focuses her argument on petitioner's argument regarding his guilty plea.  In the Report and Recommendation, the magistrate judge rejected respondent's argument regarding the statute of limitations, and considered the merits of both claims asserted by petitioner.  The court agrees with her conclusion regarding the limitations issue and has thus considered the merits of petitioner's claims on both issues.

The Report and Recommendation contains a thorough and accurate discussion of the governing law with respect to petitioner's claims in light of the facts of this case as well as the standard and scope of review which this court must apply.  That analysis need not be repeated and is adopted as though fully set forth herein.

The magistrate judge discussed in detail the Oklahoma Youthful Offender Act and the statutory rules governing the determination of adult status when, as here, the State moves to sentence the defendant as an adult. As she noted, the record reflects that the trial court correctly applied the statutory factors to the evidence before it. *See* Report and Recommendation at pages 6-11. As she expressly noted, there is no federal constitutional right to be tried or punished as a juvenile. *See, e.g.,* United States v. Juvenile, 228 F.3d 987, 990 (9th Cir. 2000). Proceedings governing youthful offender statutes are thus a matter of state law; as such, they are not properly reviewed in a federal habeas action. *See* Estelle v. McGuire, 502 U.S. 62, 67 (1991). As the magistrate judge concluded, even if the court were to liberally construe petitioner's argument to assert a federal constitutional claim, such claim would fail under the standard to be applied by this court. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Turrentine v. Mullin, 390 F.3d 1181, 1197 (10th Cir. 2004).

The undersigned finds that the magistrate judge correctly concluded that the trial court committed in its determination to sentence petitioner as an adult. The state courts' conclusion was neither contrary to nor an unreasonable application of Supreme Court law. Therefore, habeas relief is not warranted on petitioner's contention that he was improperly sentenced as an adult. 28 U.S.C. § 2254(d)(1) and (2).

The record also establishes that habeas relief is not warranted on petitioner's claim that the court erred in denying petitioner's request to withdraw his guilty plea. The magistrate judge discussed in detail the evidence in the record regarding the court proceedings involving petitioner's plea of guilty. Report and Recommendation at pages 16-19. As she concluded, the record establishes that the plea was voluntary and knowing and thus satisfies the applicable constitutional standard. Hill v. Lockhart. 474 U.S. 52, 56 (1985); Fields v. Gibson, 277 F.3d 1203, 1212 (10th Cir.

2002). Accordingly, habeas relief must be denied.

As the magistrate judge discussed in the Report and Recommendation, petitioner's arguments could be interpreted to assert a claim that the trial court should have determined his competency before sentencing him as an adult. Although this argument is not expressly asserted as a basis for habeas relief, the magistrate judge, apply the liberal construction afforded to *pro se* litigants, considered the issue as potentially asserting procedural due process claim.

Reviewing the record, the magistrate judge noted that petitioner did not raise a competency claim in his appeal of the trial court's decision to impose an adult sentence or in subsequent post-trial arguments. Thus, he has not exhausted his state remedies with respect to such claim. Hawkins v. Mullin, 291 F.3d 658, 688 (10th Cir. 2002). However, as she also noted, the claim would be procedurally barred if he sought to assert it in a second post-conviction relief proceeding, and this court can deem the claim procedurally barred from federal habeas review. Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991). Therefore, even if the petition is liberally construed to assert a procedural due process claim based on the lack of a competency hearing, federal habeas review of such claim is not available.

The court has reviewed the objections of petitioner to the Report and Recommendation and finds that his arguments do not warrant rejection of the recommendations contained therein. Having reviewed the petition, the arguments of the parties, and the record in this case in light of the applicable legal standards, the court concludes that the magistrate judge's correctly concluded that there is no basis for habeas relief. Therefore, the Report and Recommendation [Doc. No. 18] is adopted. The petition for habeas relief is DENIED.

IT IS SO ORDERED this 9th  dat of August, 2006.

_____
RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE